Filed 2/29/16  Royee v. Casino 580 CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE


**SHAWEEN ROYEE,**

    **Plaintiff and Respondent,**　　　　　　　　**A144464**

    **v.**　　　　　　　　**(Alameda County**
　　　　　　　　**Super. Ct. No. RG14744802)**

**CASINO 580, LLC,**

    **Defendant and Appellant.**
_____/


    Casino 580, LLC (Casino) appeals from an order denying its motion to compel arbitration of claims brought by plaintiff Shaween Royee.  Casino contends the court erred by determining the arbitration agreement was procedurally and substantively unconscionable.  We reverse.  We conclude the arbitration agreement, with the exception of the fees and costs provision, is enforceable.

FACTUAL AND PROCEDURAL BACKGROUND

    Casino owns and operates a card room in Livermore.  In 2011, Royee began training for a card dealer position at the card room.

*The Arbitration Agreement*

    On her first day of work, Royee initialed and signed a three-page "Agreement to Mediate and Arbitrate Disputes" (agreement or arbitration agreement) providing in relevant part:

1

*"PLEASE READ CAREFULLY -- THIS AGREEMENT CONTAINS*
*WAIVERS OF SIGNIFICANT LEGAL RIGHTS*

"Casino 580 and I hereby agree, as a necessary and material condition of my employment by Casino 580, that any Issue between me and Casino 580 or any of its employees, agents, officers, directors or affiliates (the 'Casino 580 Parties'), which relates to my employment with Casino 580, including, but not limited to any claims of discrimination, harassment, retaliation, statutory claims, tort claims or contract claims, with the exception of any claim for injunctive relief (the, 'Claims'), must be resolved exclusively through (i) mediation, and if that fails to resolve the dispute, (ii) binding arbitration, according to the terms set forth below. . . .

"<u>MEDIATION</u>

"Before invoking the arbitration procedure set forth below, the parties shall first participate in mediation of any dispute arising under this Agreement. . . . [¶] At least twenty (20) days before the date of the mediation, each side shall provide the mediator and the other party with a statement of its position and copies of all supporting documents. . . . If a party has participated in the mediation and is dissatisfied with the outcome, that party may invoke the arbitration procedure set forth below.

"<u>ARBITRATION</u>

"If Casino 580 and I are unable to resolve a dispute relating to any of the potential Claims through mediation, we shall submit any such dispute to arbitration, in accordance with [California Code of Civil Procedure] §§ 1280 through 1294.2, and under the authority of the Federal Arbitration Act.

"The arbitrator shall be selected by mutual agreement from a list of arbitrators provided by the AAA [American Arbitration Association]. If the parties cannot agree, the arbitrator shall be selected by the AAA. The arbitration shall be held in Los Angeles County or, if I reside outside of Los Angeles County, at a location within twenty-five miles from my work location at the time of the arbitration, at a place selected by the arbitrator. Except as otherwise provided in this agreement, the arbitration shall be conducted according to the rules of the AAA for resolution of employment disputes.

"Unless we otherwise agree in writing, a pre-arbitration hearing shall be held within ten (10) business days after the arbitrator's selection and the arbitration shall be held within sixty (60) calendar days after the pre-arbitration hearing. The arbitrator shall establish any deadlines necessary to accomplish these goals.

"Both parties acknowledge that by signing this agreement, they are knowingly and voluntarily waiving their rights to pursue Claims in court and instead will pursue them in

2

arbitration. Casino 580 will pay for the arbitrator's fee, all meeting room charges, and any other expenses that would not have been incurred if the case were litigated in court. Discovery will be available to each side as provided for by the California Arbitration Act.

"The parties agree that any remedies that would have been available in a civil action are available to the parties in arbitration under this Agreement. The parties agree that the arbitrator will provide a written decision in a form amenable to judicial review, and that the arbitrator's award shall be final and binding upon us.

"I UNDERSTAND THAT BY SIGNING THIS AGREEMENT, I AM GIVING UP SIGNIFICANT RIGHTS, INCLUDING BUT NOT LIMITED TO, THE RIGHT TO A JURY TRIAL. CASINO 580 AND I UNDERSTAND THAT A WRITTEN REQUEST FOR ARBITRATION MUST BE MADE TO THE OTHER PARTY WITHIN THE TIME LIMITS WHICH WOULD APPLY TO THE FILING OF A CIVIL COMPLAINT IN COURT OR THE COMPLAINING PARTY WILL WAIVE THEIR RIGHT TO PURSUE ANY CLAIM.

_____ (Employee's initials)

"I understand that Casino 580 is committed to operating its business according to all applicable state and federal laws. I agree that if I become aware of any matter that I believe to be improper, unethical or illegal in the workplace, I will immediately bring it to the attention of my supervisor or another member of management so that the matter can be addressed and, if found to be a problem, corrected.

"I understand that I have the right to commence arbitration against Casino 580 in the form of a class action or representative action, in which case I would act as a representative plaintiff and attempt to assert claims on behalf of a number of my follow employees. I further understand that Casino 580 requests that I give up my right to proceed against Casino 580 in a class action or representative action capacity, or participate voluntarily in any way. I understand that [ ] if I do not choose to accept Casino 580's offer to waive my class action rights in exchange, I will retain those rights and will not suffer any retaliation from Casino 580 for having made that choice.

"I AGREE THAT I WILL NOT VOLUNTARILY ASSERT AGAINST THE CASINO 580 PARTIES ANY CLAIMS OTHER THAN MY OWN CLAIMS. I FURTHER AGREE THAT, EXCEPT AS OTHERWISE REQUIRED BY LAW, I WILL NOT COOPERATE, AID OR ASSIST ANY OTHER PERSON OR ENTITY IN ASSERTING CLAIMS OF ANY KIND OR NATURE AGAINST THE CASINO 580 PARTIES, OR ANY OF THEM, INCLUDING THAT I WILL NOT SERVE AS A REPRESENTATIVE PLAINTIFF OR A PRIVATE ATTORNEY GENERAL IN ANY CLAIM, ACTION OR CHARGE AGAINST THE CASINO 580 PARTIES, OR ANY OF THEM.

_____ (Employee's initials)

3

"Each party agrees that if they file with a court a complaint which is subject to arbitration, they will reimburse the other party's costs and attorneys' fees associated with compelling arbitration of the complaint. If any court of competent jurisdiction finds any part of this arbitration agreement is illegal, invalid or unenforceable, such a finding will not affect the legality, validity or enforceability of the remaining parts of the agreement, and the illegal, invalid or unenforceable part will be stricken from the agreement.

"By signing below, I acknowledge that I have read this Agreement to Mediate and Arbitrate Disputes, understand it, and freely and voluntarily enter into it this ___ day of [___] at [___], California."

*The Denial of Casino's Motion to Compel Arbitration*

Casino terminated Royee's employment in 2013. In 2014, she filed a complaint against Casino alleging 19 claims arising out of her employment, including disability discrimination and violation of the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq. (FEHA)). Royee sought compensatory and punitive damages, and injunctive relief. Casino moved to compel arbitration pursuant to the agreement. As relevant here, Casino argued the agreement was valid and enforceable because it: (1) provided for a neutral arbitrator; (2) authorized adequate discovery; (3) required a written award; (4) permitted all types of relief available in court; (5) presented a modicum of bilaterality; and (6) did not require Royee to pay unreasonable costs or expenses as a condition of arbitration.

Royee opposed the motion. She contended the arbitration agreement was procedurally unconscionable because Casino drafted the agreement and presented it to her "on a take it or leave it basis" and because there was no evidence Casino provided her with a copy of the arbitration rules referenced in the agreement. Royee also claimed the arbitration agreement was substantively unconscionable because it did not require arbitration of certain claims — such as claims for injunctive relief — Casino was "likely to bring," and failed to provide for adequate discovery. Finally, Royee argued the agreement was substantively unconscionable because it allowed Casino to recover attorney fees and costs for moving to compel arbitration in violation of FEHA. Royee did not offer any evidence in opposition to the motion.

4

In reply, Casino argued an agreement to arbitrate is not procedurally unconscionable merely because it is nonnegotiable. Casino also claimed it provided Royee with the arbitration rules when she signed the arbitration agreement and, in the alternative, an agreement to arbitrate is not procedurally unconscionable for failing to attach arbitration rules. In a supporting declaration, Casino's general counsel, Jeffrey M. Van Wagner, described Casino's policy of providing "newly hired employees with all 'onboarding' documents during the employee's first day of work[,]" including the arbitration agreement. According to Van Wagner, Casino had a "policy and uniform practice" of providing "its employees with a copy of the [arbitration] rules with these 'onboarding' documents." On information and belief, Van Wagner averred Casino presented Royee with the arbitration rules on her first day of work. Van Wagner's declaration attached a copy of the arbitration rules Casino provided to employees hired in 2011. Finally, Casino contended the agreement was not substantively unconscionable and urged the court to sever any unconscionable provisions, including the attorney fees and costs provision.

Following a hearing, the court denied the motion, concluding the arbitration agreement was "procedurally and substantively unconscionable."[1]

## DISCUSSION

Casino contends the court erred by denying its motion to compel arbitration. "The party seeking arbitration bears the burden of proving the existence of an arbitration agreement, and the party opposing arbitration bears the burden of proving any defense, such as unconscionability. [Citation.] Where, as here, the evidence is not in conflict, we review the trial court's denial of arbitration de novo. [Citation.]" (*Pinnacle Museum*

---

[1] The reporter's transcript is not part of the appellate record. The order states: "[t]he court, having read and considered all papers and evidence submitted on behalf of and in opposition to and having heard and considered argument by counsel, hereby DENIES [the] motion. The court finds that the . . . arbitration agreement is both procedurally and substantively unconscionable." The court did not rule on Casino's request for judicial notice of the AAA "Employment Arbitration Rules & Mediation Procedures" effective November 1, 2009 (arbitration rules or rules). We grant Casino's unopposed request for judicial notice of the arbitration rules. (Evid. Code, §§ 452, subd. (h), 459.)

*Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 236 (*Pinnacle*); *Lane v. Francis Capital Management LLC* (2014) 224 Cal.App.4th 676, 683 (*Lane*) [review is de novo where "there is no disputed extrinsic evidence considered by the trial court"].)

"'"[U]nconscionability has both a 'procedural' and a 'substantive' element," the former focusing on "'oppression'" or "'surprise'" due to unequal bargaining power, the latter on "'overly harsh'" or "'one-sided'" results. [Citation.] "The prevailing view is that [procedural and substantive unconscionability] must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability." [Citation.] But they need not be present in the same degree. "Essentially a sliding scale is invoked which disregards the regularity of the procedural process of the contract formation, that creates the terms, in proportion to the greater harshness or unreasonableness of the substantive terms themselves." [Citations.] In other words, the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.' [Citations.]" (*Carlson v. Home Team Pest Defense, Inc.* (2015) 239 Cal.App.4th 619, 630 (*Carlson*).)

I.

*The Arbitration Agreement Exhibits a Minimal Level
of Procedural Unconscionability*

As in *Lane*, the trial court concluded the arbitration agreement was procedurally unconscionable without specifying "in what manner the arbitration agreement was unconscionable. Based on the briefing below and on appeal, we discern the following grounds that *purport* to render the agreement unconscionable. First, the agreement was procedurally unconscionable because it was a contract of adhesion. Second, the agreement was procedurally unconscionable because a copy of the arbitration rules was not attached" to the agreement. (*Lane, supra,* 224 Cal.App.4th at p. 689, italics added.)

As the party opposing the motion to compel arbitration, Royee bore the burden to establish the agreement was unconscionable (*Armendariz v. Foundation Health*

6

*Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 114 (*Armendariz*)), including "'the burden of proving by a preponderance of the evidence any fact necessary to [that] defense.' [Citation.]" (*Lane, supra,* 224 Cal.App.4th at p. 683.) In the trial court, Royee offered no evidence in opposition to the motion to compel arbitration. On appeal, Royee contends Casino's evidence creates an inference the agreement was presented to her on a "take-it-or-leave-it basis" because the arbitration agreement states it is "a necessary and material condition of [Royee's] employment" and because it was presented on her first day of work.[2]

"'It is well settled that adhesion contracts in the employment context, that is, those contracts offered to employees on a take-it-or-leave-it basis, typically contain some aspects of procedural unconscionability.' [Citation.]" (*Peng v. First Republic Bank* (2013) 219 Cal.App.4th 1462, 1470 (*Peng*), quoting *Serpa v. California Surety Investigations, Inc.* (2013) 215 Cal.App.4th 695, 704 (*Serpa*).) Assuming the arbitration agreement "is adhesive in character, 'this adhesive aspect . . . is not dispositive.' [Citation.]" (*Peng, supra,* 219 Cal.App.4th at p. 1468; *Carlson, supra,* 239 Cal.App.4th at p. 631.) Put another way, "a compulsory predispute arbitration agreement is not rendered unenforceable just because it is required as a condition of employment or

---

[2] Casino contends Royee did not establish procedural unconscionability because she offered no evidence in opposition to Casino's motion demonstrating the agreement was offered on a take-it-or-leave-it basis. This argument has some superficial appeal, but several cases — not cited by Royee — have rejected it. (See *Sanchez v. Valencia Holding Co., LLC* (2015) 61 Cal.4th 899, 914 (*Sanchez*) ["Although Valencia says Sanchez has not shown he was unable to negotiate the arbitration provision . . . Valencia does not contend in this court that Sanchez could have opted out of the arbitration agreement or that he could have negotiated a sales contract without an arbitration agreement"]; *Tiri v. Lucky Chances, Inc.* (2014) 226 Cal.App.4th 231, 246 [same]; see also *Zullo v. Superior Court* (2011) 197 Cal.App.4th 477, 485 [rejecting employer's argument that there was "no evidence of the circumstances surrounding plaintiff's acceptance of employment and, therefore, no way to tell what was negotiated" and concluding the agreement was presented on a take-it-or-leave-it basis because the arbitration agreement "was contained in a handbook along with a host of other policies relating to work[ ]. . . . The new employee is 'given' a copy of the handbook, which contains the rules that apply to day-to-day work activities"].)

offered on a 'take it or leave it' basis." (*Lagatree v. Luce, Forward, Hamilton & Scripps* (1999) 74 Cal.App.4th 1105, 1127.) "'Rather, an adhesion contract remains fully enforceable unless . . . the provision falls outside the reasonable expectations of the weaker party' or it is unconscionable. [Citation.]" (*Lane, supra,* 224 Cal.App.4th at p. 689; *Peng, supra,* 219 Cal.App.4th at p. 1470.)

Here, the arbitration agreement is only two pages. The first two lines of the agreement caution Royee to "read carefully" because the "agreement contains waivers of significant legal rights." The agreement contains no hidden terms. (*Lane, supra,* 224 Cal.App.4th at pp. 689-690.) Instead, the agreement states — in plain language — that the parties will arbitrate "claims of discrimination, harassment, retaliation, statutory claims, tort claims or contract claims, with the exception of any claim for injunctive relief[.]" In prominent, capitalized letters, the agreement states Royee is "giving up significant rights, including . . . the right to a jury trial." Royee initialed directly underneath this paragraph. Under the circumstances, we conclude the application of the arbitration agreement to Royee's claims "is clearly within the reasonable expectations of the parties" and there is no surprise. (*Lane, supra,* 224 Cal.App.4th at p. 690; *Pinnacle, supra,* 55 Cal.4th at p. 247, fn. omitted ["procedural unconscionability requires oppression or surprise" and concluding there was "no evidence of surprise"]; *Roman v. Superior Court* (2009) 172 Cal.App.4th 1462, 1471 (*Roman*) [arbitration agreement was adhesive but not procedurally unconscionable; it was not buried in a lengthy contract and the plaintiff "initialed, affirming she had seen it"].)

Royee concedes any procedural unconscionability resulting from the adhesive nature of the agreement is "minimal" but claims the agreement is procedurally unconscionable because it incorporated the arbitration rules by reference. There are several problems with this argument. First, the evidence in support of Casino's motion established Royee received the arbitration rules when she signed the arbitration agreement. Van Wagner described Casino's policy of providing employees with "onboarding" documents — including the arbitration agreement and the arbitration rules — on their first day of work. Van Wagner also averred on information and belief that

8

Casino presented Royee with the arbitration rules on her first day of work. Royee did not dispute or contradict this evidence and, as a result, there was an unrebutted inference Casino provided Royee with the arbitration rules when she signed the arbitration agreement. (See *Hicks v. Reis* (1943) 21 Cal.2d 654, 660-661 [unrebutted inference was dispositive]; *In re Jose R.* (1982) 137 Cal.App.3d 269, 277 [testimony "was unrebutted and [was] sufficient to support an inference by the trial judge"]; Evid. Code, § 600, subd. (b) [an "inference is a deduction of fact that may logically and reasonably by drawn from another fact or group of facts found or otherwise established in the action"].)

On appeal, Royee does not claim she did not receive the arbitration rules. Instead — and relying on *Lopez v. University Partners* (1997) 54 Cal.App.4th 1117 (*Lopez*) — Royee claims Casino failed to establish it provided her with the arbitration rules because "Van Wagner's declaration was based on information and belief[.]" We are not persuaded. Royee, not Casino, had "'the burden of proving by a preponderance of the evidence any fact necessary'" to the unconscionability defense, i.e., that she did not receive the arbitration rules. (*Lane, supra,* 224 Cal.App.4th at p. 683, quoting *Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 972.) Second, *Lopez* is inapposite. *Lopez* concluded declarations made on information and belief are insufficient to create a triable issue of material fact on summary judgment because Code of Civil Procedure section 437c, subdivision (d) requires declarations in opposition to a motion for summary judgment to be made on personal knowledge and to show affirmatively the affiant is competent to testify to the matters in the declarations. (*Lopez, supra,* 54 Cal.App.4th at p. 1124, quoting Code Civ. Proc., § 437c, subd. (d).) *Lopez* does not assist Royee because this is not a summary judgment case.

An additional problem with Royee's argument is several courts have concluded the failure to attach arbitration rules to an agreement to arbitrate, without more, does not establish procedural unconscionability. (*Peng, supra,* 219 Cal.App.4th at p. 1472 [failure to attach arbitration rules insufficient to establish procedural unconscionability without evidence rules would prevent a "'fair and full arbitration'"]; *Lane, supra,* 224 Cal.App.4th at p. 676; see also *Carlson, supra,* 239 Cal.App.4th at p. 633, fn. 4 ["the

9

mere failure to provide a copy of the arbitration rules . . does not itself establish procedural unconscionability"]; *Serafin v. Balco Properties Ltd., LLC* (2015) 235 Cal.App.4th 165, 180 (*Serafin*) [arbitration agreement not procedurally unconscionable merely because "arbitration rules [were] not affirmatively provided" to the plaintiff].)[3]

   *Lane* is instructive. There, the trial court "apparently found procedural unconscionability" based on the employer's failure to attach AAA arbitration rules to the arbitration agreement. (*Lane, supra,* 224 Cal.App.4th at p. 690.) The *Lane* court observed "[t]he failure to attach a copy of arbitration rules could be a factor supporting a finding of procedural unconscionability where the failure would result in surprise to the party opposing arbitration" (*ibid.*) but analyzed numerous cases and concluded the employer's failure to attach the arbitration rules "did not render the agreement procedurally unconscionable. There could be no surprise, as the arbitration rules referenced in the agreement were easily accessible to the parties—the AAA rules are available on the Internet. [Citations.] In addition, [the plaintiff] . . . does not appear to

---

[3]    Federal district courts have concluded incorporating arbitration rules by reference does not render an arbitration agreement procedurally unconscionable, even if the rules are not provided when the arbitration agreement is signed. (See, e.g., *Ulbrich v. Overstock.Com, Inc.* (N.D. Cal. 2012) 887 F.Supp.2d 924, 933 [under California law, arbitration rules may be incorporated by reference "provided the incorporation is clear and the incorporated rules are readily available"]; *Lucas v. Gund, Inc.* (C.D. Cal. 2006) 450 F.Supp.2d 1125, 1131 [applying California law and granting petition to compel arbitration where arbitration agreement referenced arbitration rules but did not attach them].)

   Other federal district courts have criticized cases holding that incorporating arbitration rules by "reference is not enough, and failure to provide a copy of the incorporated rules is procedurally unconscionable" for setting "out stricter rules for arbitration agreements than those that apply to other types of contracts" in violation of *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333 [131 S.Ct. 1740] (*Concepcion*). (See *Wallace v. Red Bull Distributing Co.* (N.D. Ohio 2013) 958 F.Supp.2d 811, 823-824; *Fardig v. Hobby Lobby Stores, Inc.* (C.D. Cal. 2014) 2014 WL 2810025.) Our high court has cautioned "our unconscionability standard is, as it must be, the same for arbitration and nonarbitration agreements" in light of *Concepcion* (*Sanchez, supra,* 61 Cal.4th at p. 912) and the United States Supreme Court recently reiterated arbitration agreements must be "'on equal footing with all other contracts.'" (*DIRECTV, Inc. v. Imburgia* (2015) ___ U.S. ___, ___ [136 S.Ct. 463, 469].)

lack the means or capacity to locate and retrieve a copy of the referenced rules.  Finally, the arbitration agreement at issue clearly specified a particular set of AAA rules, and it did not modify those rules in any manner." (*Id.* at pp. 691-692.)  *Lane* concluded, "[i]n the absence of oppression or surprise, we decline to find the failure to attach a copy of the AAA rules rendered the agreement procedurally unconscionable." (*Id.* at p. 692.)

As in the above cases, any purported failure to attach the arbitration rules to the arbitration agreement did not render the agreement procedurally unconscionable.  The rules referenced in the agreement are available on the Internet, and Royee does not claim she lacks the means or capacity to locate and retrieve a copy.  Moreover, the arbitration rules are fair and there is no evidence they have been modified.  Under the circumstances, we conclude any purported failure to attach a copy of the arbitration rules did not render the agreement procedurally unconscionable. (*Lane, supra,* 224 Cal.App.4th at pp. 691-692.)

Royee's reliance on *Samaniego v. Empire Today, LLC* (2012) 205 Cal.App.4th 1138 (*Samaniego*) does not alter our conclusion.  In *Samaniego*, a division of this court concluded arbitration clauses in adhesion employment contracts were unconscionable because the Spanish-speaking plaintiffs could not understand English, the arbitration clauses were at the end of 11-page, densely-worded, single-spaced employment contracts in English, and the arbitration clause was "neither flagged by individual headings nor required to be initialed by the [plaintiffs]." (*Id.* at p. 1146.)  The *Samaniego* court also concluded the employer's failure to provide the plaintiffs with a copy of the relevant arbitration rules supported a finding of procedural unconscionability. (*Ibid.*)

*Samaniego* is distinguishable.  Here, the arbitration agreement was just two pages in readable font, and key portions of the agreement were in all capital letters.  There is no evidence Royee does not read or understand English.  To the contrary, Royee initialed certain paragraphs of the agreement, indicating she read those provisions.  In contrast to *Samaniego*, the absence of the arbitration "rules is of minor significance" to the unconscionability analysis. (*Bigler v. Harker School* (2013) 213 Cal.App.4th 727, 737.)  We conclude there is "a minimal degree of procedural unconscionability arising from the

11

adhesive nature of the agreement. [Citation.] But this is "'the beginning and not the end of the analysis insofar as enforceability of its terms is concerned." [Citations.]' Under the sliding-scale approach, [Royee] is obligated to make a strong showing of substantive unconscionability to render the arbitration provision unenforceable. [Citation.]" (*Serafin, supra,* 235 Cal.App.4th at pp. 180-181; *Sanchez, supra,* 61 Cal.4th at p. 915.)

II.

*The Court Erred by Declining to Sever the Agreement's Fee Shifting Provision*

The court also concluded the arbitration agreement was substantively unconscionable. "[C]ompulsory arbitration of statutory discrimination claims" brought under FEHA "is permissible so long as the arbitration agreement '"(1) provides for neutral arbitrators, (2) provides for more than minimal discovery, (3) requires a written award, (4) provides for all of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum.'" [Citation.]" (*Peng, supra,* 219 Cal.App.4th at pp. 1469-1470, quoting *Armendariz, supra,* 24 Cal.4th at p. 102.)

A.    The Injunctive Relief Exemption is Not Substantively Unconscionable

Royee contends the arbitration agreement is substantively unconscionable because it exempts injunctive relief claims, which "favors" Casino. "Courts have found one-sided employer-imposed arbitration provisions unconscionable" as lacking mutuality "where only the types of claims likely to be brought by employees (wrongful termination, discrimination etc.) are made subject to arbitration." (*Serafin, supra,* 235 Cal.App.4th at p. 181.)[4]

---

[4]    The California Supreme Court is considering whether an unconscionability defense based on lack of mutuality survives *Concepcion.* (See *Sabia v. Orange County Metro Realty, Inc.,* review granted Sept. 24, 2014, S220237.) The United States Supreme Court is considering whether the Federal Arbitration Act preempts California's arbitration-only severability rule. (*Zaborowski v. MHN Government Services*, *Inc.,* review granted Oct. 1, 2015, 14-1458.) We need not determine whether a refusal to enforce an arbitration agreement for lack of mutuality contravenes *Concepcion* because

12

We conclude the agreement's injunctive relief provision is not substantively unconscionable. The language is mutual: it requires both parties to arbitrate claims related to Royee's employment, except "any claim for injunctive relief," which the parties may pursue in court. "The injunctive remedy exception allows 'a party' to go to court for 'injunctive or other provisional relief.' It does not provide 'a choice of forums [solely] for the claims of the stronger party.'" (*Chin v. Advanced Fresh Concepts Franchise Corp.* (2011) 194 Cal.App.4th 704, 712; quoting *Armendaris*, *supra*, 24 Cal.4th at p. 119; *Roman, supra,* 172 Cal.App.4th at p. 1475 [arbitration agreement applied to "'all disputes,' whether initiated by the employee or [the employer] and did not purport to deprive the employee of any statutory rights under FEHA"].) Royee has failed to demonstrate the injunctive relief exemption favors Casino. Her claims are based on FEHA, which authorizes the employee to seek injunctive relief (*Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 131-132) and she sued Casino for injunctive relief.

This is not — as Royee claims — a situation like *Mercuro v. Superior Court* (2002) 96 Cal.App.4th 167 (*Mercuro*) where the arbitration agreement excluded claims for injunctive and equitable relief, intellectual property violations, and trade secret disclosures, nor like *Fitz v. NCR Corp.* (2004) 118 Cal.App.4th 702 (*Fitz*), where the arbitration provisions excluded employee claims for workers compensation and unemployment benefits, and employer claims concerning confidentiality and noncompetition agreements or intellectual property rights. (*Id*. at pp. 724-725.) Here, and in contrast to *Mercuro* and *Fitz*, the injunctive relief exemption does not insulate Casino from liability, nor is the exemption tied to any type of claim Casino is more likely to bring.[5]

---

— as we discuss below — we conclude the injunctive relief provision is not substantively unconscionable.

[5]   *Trivedi v. Curexo Technology Corp.* (2010) 189 Cal.App.4th 387 (*Trivedi*) does not compel a different result. *Trivedi* relied on *Mercuro* and *Fitz*, which are distinguishable. Several cases have expressly declined to follow *Trivedi*, and the California Supreme Court has granted review. (See *Baltazar v. Forever 21, Inc.,* review

Our high court recently has explained, "'[t]he unconscionability doctrine ensures that . . . contracts of adhesion, do not impose terms that have been variously described as ""'overly harsh'""" [citation], "'unduly oppressive'" [citation] "'so one-sided as to "shock the conscience""" [citation] or "unfairly one-sided" [citation].'" (*Sanchez, supra,* 61 Cal.4th at pp. 910-911.)  These formulations "'capture the notion that unconscionability requires a substantial degree of unfairness *beyond "a simple old-fashioned bad bargain*."' [Citation.]" (*Id.* at p. 911.)  On the record before us, we cannot conclude the injunctive relief exemption satisfies these criteria.  (*Id.* at p. 922 [term favorable to the defendant not substantively unconscionable]; *Sonic-Calabasas A, Inc. v. Moreno* (2013) 57 Cal.4th 1109, 1145 [listing substantively unconscionable terms "'unreasonably favor[ing] . . . the more powerful party'"]; *Pinnacle, supra,* 55 Cal.4th at p. 246 ["[a] contract term is not substantively unconscionable when it merely gives one side a greater benefit"].)

B.      The Discovery Provision is Not Substantively Unconscionable

Next, Royee contends the agreement is substantively unconscionable because it "impermissibly limits the time for discovery."  The agreement provides "[d]iscovery will be available to each side as provided for by the California Arbitration Act[,]" which allows the parties to "take depositions and to obtain discovery regarding the subject matter of the arbitration and . . . to use and exercise all of the same rights, remedies, and procedures . . . as if the subject matter of the arbitration were pending before a superior court. . . ." (Code Civ. Proc., § 1283.05, subd. (a).)  The agreement also requires Casino to provide a "statement of its position and copies of all supporting documents" during mediation.  If mediation is unsuccessful, the parties have approximately 85 days to conduct discovery before the arbitration hearing.

Royee claims she will not be able to conduct sufficient discovery in the "short time period" provided in the agreement.  We are not persuaded.  "[A]rbitration is meant to be a streamlined procedure."  Limiting discovery is one way of streamlining.  (*Dotson*

granted Mar. 20, 2013, S208345; *Leos v. Darden Restaurants*, review granted Sept. 22, 2013, S212511.)

14

*v. Amgen, Inc.* (2010) 181 Cal.App.4th 975, 983.) Our high court has held that "adequate discovery is indispensible for the vindication of FEHA claims" in the employment arbitration context (*Armendariz, supra,* 24 Cal.4th at p. 104), but "'California courts do not by any means require that an arbitration agreement permit "unfettered discovery." [Citation.] Parties may certainly "agree to something *less than* the full panoply of discovery provided in [a civil action]." [Citations.]" (*Sanchez v. Carmax Auto Superstores California, LLC* (2014) 224 Cal.App.4th 398, 404 (*Carmax*) [discovery limitations did not render arbitration agreement substantively unconscionable]; *Roman, supra,* 172 Cal.App.4th at p. 1475 [arbitration agreement authorizing arbitrator to deny employee the right to take depositions did not impose "undue limitation on discovery"].)

Here, the agreement allows for more than "minimal" discovery (*Armendariz, supra*, 24 Cal.4th at p. 106) and Royee has not demonstrated "how the limitation on discovery would prevent [her] from vindicating [her] rights" in this case. (*Carmax, supra,* 224 Cal.App.4th at p. 404.) Casino may, as Royee suggests, possess documents and employ witnesses relevant to her claims, but the agreement requires Casino to provide a "statement of its position and copies of all supporting documents" *before* arbitration. As a result, the agreement's discovery provision is not substantively unconscionable. (*Ibid.*)

C.      The Agreement's Fee Shifting Provision Must Be Severed

Royee's final argument is the arbitration agreement is substantively unconscionable because it allows Casino to recover attorney fees and costs for moving to compel arbitration in violation of FEHA. Under the agreement, "[e]ach party agrees that if they file with the court a complaint which is subject to arbitration, they will reimburse the other party's costs and attorneys' fees associated with compelling arbitration of the complaint. If any court of competent jurisdiction finds any part of this arbitration agreement is illegal, invalid or unenforceable, such a finding will not affect the legality, validity or enforceability of the remaining parts of the agreement, and the illegal, invalid or unenforceable part will be stricken from the agreement."

15

The California Supreme Court has held mandatory employment arbitration agreements "cannot generally require the employee to bear any *type* of expense that the employee would not be required to bear if he or she were free to bring the action in court." (*Armendariz, supra,* 24 Cal.4th at pp. 110-111.) Casino assumes for the sake of argument the agreement's fee shifting provision is substantively unconscionable, as do we. Under the circumstances, the court erred by declining to sever it. "[A] court should sever an unconscionable provision unless the agreement is so 'permeated' by unconscionability that it cannot be cured by severance. [Citation.] 'An arbitration agreement can be considered permeated by unconscionability if it "contains more than one unlawful provision. . . . Such multiple defects indicate a systematic effort to impose arbitration . . . not simply as an alternative to litigation, but as an inferior forum that works to the [stronger party's] advantage." [Citations.]' The overarching inquiry is whether the interests of justice would be furthered by severance. [Citations.] [Citation.]" (*Serafin, supra,* 235 Cal.App.4th at pp. 183-184.)

Courts routinely sever unconscionable attorney fees and costs provisions like the one here and enforce the remainder of arbitration agreements. (*Serafin, supra,* 235 Cal.App.4th at p. 184; *Serpa, supra,* 215 Cal.App.4th at p. 710 [offending attorney fee provision severed as "plainly collateral to the main purpose of the contract" and enforcing remainder of arbitration agreement]; *Gutierrez v. Autowest, Inc.* (2003) 114 Cal.App.4th 77, 92 [severing arbitration costs provision and enforcing the balance of the agreement; the central purpose of the arbitration agreement "was not to regulate costs, but to provide a mechanism to resolve disputes [and] [b]ecause the costs provision is collateral to that purpose, severance was available"].)

Here, with the exception of the fees and costs provision, the arbitration agreement is enforceable. (*McManus v. CIBC World Markets Corp.* (2003) 109 Cal.App.4th 76, 101.) Royee "failed to show that unconscionability so permeates the arbitration agreement that the flawed attorney fees and costs provision could not be severed and the balance of the agreement enforced." (*Serafin, supra,* 235 Cal.App.4th at p. 184.) As a

16

result, the court abused its discretion by declining to sever the offending provision and enforce the remainder of the arbitration agreement.  (*Ibid.*)

## DISPOSITION

The order denying Casino 580, LLC's motion to compel arbitration is reversed. On remand, the trial court is directed to sever the following language from the arbitration agreement: "Each party agrees that if they file with a court a complaint which is subject to arbitration, they will reimburse the other party's costs and attorneys' fees associated with compelling arbitration of the complaint" and to grant the motion to compel arbitration. Casino 580, LLC is entitled to recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)

_____

Jones, P.J.

We concur:

_____

Simons, J.

_____

Needham, J.