Filed 2/6/14; pub order 3/4/14 (see end. of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MICHAEL SANCHEZ, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, <br><br> Defendant and Appellant. | B244772 <br><br> (Los Angeles County <br> Super. Ct. No. BC482027) |

APPEAL from an order of the Superior Court of Los Angeles County, Rita J. Miller, Judge. Reversed.

Ogletree, Deakins, Nash, Smoak & Stewart, Jack S. Sholkoff, Christopher W. Decker and Vicky H. Lin, for Defendant and Appellant.

Shegerian & Associates, Inc. and Carney R. Shegerian, for Plaintiff and Respondent.

_____

Michael Sanchez filed a complaint for wrongful termination against CarMax Auto Superstores California, LLC (CarMax).  The trial court denied CarMax's motion to compel arbitration, and CarMax appeals.  We reverse**.**

## BACKGROUND

Sanchez filed a complaint against CarMax on April 3, 2012, alleging wrongful termination, Labor Code and Business and Professions Code violations, breach of an implied contract not to terminate employment without good cause, intentional infliction of emotional distress, and defamation.  Sanchez alleged that CarMax terminated him from his position as a service manager on February 4, 2011 citing unsatisfactory performance, but the real reason was that Sanchez had raised safety issues about the cars CarMax sold.

On June 28, 2012, CarMax filed a motion to compel arbitration, based on a 2006 dispute resolution agreement (the arbitration agreement, or agreement) that Sanchez signed on October 26, 2006 as part of his application for employment.  The attached exhibits included Sanchez's employment application, which he signed on October 26, 2006; the arbitration agreement, signed the same date and acknowledging receipt of the Dispute Resolution Rules and Procedures (DRRP); and the DRRP.  Sanchez opposed the motion to compel, arguing that the arbitration agreement was not a contract, and that in any event the agreement was procedurally and substantively unconscionable.

At a hearing on September 10, 2012, the trial court denied CarMax's motion to compel arbitration, adopting its tentative order finding the arbitration agreement unconscionable.  CarMax filed a timely notice of appeal.

## DISCUSSION

We review de novo the trial court's conclusion that the arbitration agreement is unconscionable.  (*Suh v. Superior Court* (2010) 181 Cal.App.4th 1504, 1511–1512.)

First, we easily reject Sanchez's argument that the arbitration agreement is illusory and not a contract.  He points out that the arbitration agreement states that the agreement and the DRRP do not "form a contract of employment between CarMax and me."  The

2

agreement, which in the same paragraph states that Sanchez's employment is at will, is not a contract *of employment*, but rather a contract agreeing to arbitrate disputes.

An arbitration agreement is unenforceable if it is unconscionable at the time that it was made. (*AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. __ [131 S.Ct. 1740, 1746, 179 L.Ed.2d 742] (*Concepcion*); *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 114 (*Armendariz*).) The agreement is invalid if it is both procedurally and substantively unconscionable. (*Armendariz*, at p. 114.) Procedural unconscionability focuses on oppression and surprise due to unequal bargaining power, and substantive unconscionability turns on overly harsh or one-sided results. (*Ibid.*; *Concepcion*, at p. 1746.) "[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." (*Armendariz*, at p. 114.) Sanchez has the burden to demonstrate that the arbitration provisions are procedurally and substantively unconscionable. (*Ajamian v. CantorCO2e, L.P.* (2012) 203 Cal.App.4th 771, 795 (*Ajamian*).)

## A.     Procedural unconscionability

The arbitration agreement was presented to Sanchez on a take-it-or-leave-it basis, and his signature was a precondition for employment with CarMax. It was therefore a standard contract of adhesion imposed and drafted by CarMax, who had superior bargaining power. (*Armendariz*, *supra*, 24 Cal.4th at p. 113.) As Sanchez had no real choice whether to sign, the agreement was procedurally unconscionable. (*Ajamian*, *supra*, Cal.App.4th at pp. 795–796.) The trial court recognized, however, "[t]hat the agreement is required does not make it unenforceable, absent other factors."

Sanchez makes much of the timing of his signature, arguing that he was not advised that he would have to sign an arbitration agreement until after he was already working for CarMax. He submitted a declaration in the trial court stating that he began work for CarMax on October 16, 2006 without being told that he would have to sign an arbitration agreement, and was presented with the agreement for signature over a week later on October 26. His declaration also states, however, that he received his offer of

employment from CarMax on October 31, 2006, and he acknowledged receipt of the Associate Handbook on November 9, 2006. The October 31, 2006 letter offering him employment states that he was to start October 16 (which CarMax calls a typographical error); his signature on the letter accepting and agreeing to the offer of employment is dated November 9, 2006. He acknowledged receipt of the CarMax Associate Handbook on November 9 and November 21, 2006. Further, Sanchez signed his employment application on October 26. The trial court did not resolve the factual question whether Sanchez signed the agreement before or after he began employment with CarMax. In any event, the exact date that Sanchez began to work for CarMax is not alone determinative of whether he showed oppression or surprise. (See *Luchini v. CarMax, Inc.* (2012) (E.D.Cal., July 23, 2012, No. CV F 12-0417 LJO DLB) (2012 WL 2775483, pp. *1, *9 [finding no oppression or surprise where plaintiff signed arbitration agreement after beginning employment with CarMax].)

The trial court did not find oppression or surprise, and we agree. The stand-alone arbitration agreement was not hidden, but prominently featured as part of the employment application, and there are no "other indicia of procedural unconscionability." (*Ajamian*, *supra*, 203 Cal.App.4th at p. 797.)

The adhesive nature of the agreement is evidence of some degree of procedural unconscionability.

## B.    Substantive unconscionability

To be substantively unconscionable, a contract term must be "unduly harsh, oppressive, or one-sided." (*Ajamian*, *supra*, 203 Cal.App.4th at p. 797.)

Sanchez argues that the arbitration agreement applies only to him and not to CarMax, leaving CarMax free to file suit against him in court. The trial court did not so interpret the agreement, and we agree that the agreement is not unilateral. The agreement provides: "both CarMax and I agree to settle any and all previously unasserted claims, disputes, or controversies . . . exclusively by final and binding arbitration before a neutral Arbitrator." At the bottom of the second page of the agreement, beneath Sanchez's signature, the arbitration agreement states: "CarMax agrees to consider this Employment

4

Application and to follow this [agreement] and the [DRRP] in connection with the Associate who is completing this application," followed by the typed name of the vice president of human resources. The DRRP provides that the rules "govern arbitrations held pursuant to the CarMax [arbitration agreement], whether brought by an Associate or by CarMax. . . . These Dispute Resolution Rules and Procedures are written to guide an Associate through the arbitration process; however, they apply with full force and effect to both Associates and CarMax," and (in a consolidation clause) "CarMax and the Associate are required to bring all existing claims subject to arbitration in one arbitration proceeding." "'[U]nlike the agreement in *Armendariz*[, *supra*, 24 Cal.4th 83], which explicitly limited the scope of the arbitration agreement to wrongful termination claims and therefore implicitly excluded the employer's claims against the employee [citation], the arbitration agreement in the present case contained no such limitation, instead applying to "any claim, dispute, or controversy . . . between [the employee] and the Company.'" [Citation.]" (*Nelsen v. Legacy Partners Residential, Inc.* (2012) 207 Cal.App.4th 1115, 1126.) The arbitration agreement provides that both CarMax and the employee agree to settle all "claims, disputes, or controversies" in binding arbitration, and the agreement is not unilateral.

The trial court concluded, however, that it was not enough that the arbitration agreement applied to both Sanchez and CarMax, because the DRRP contained the following unconscionable provisions.

### 1. Limitations on discovery

The DRRP provides for disclosure of relevant documents and production of the personnel file upon request, with each party under a continuing obligation to supplement its initial disclosure, and limits each party to 20 interrogatories and three depositions. The DRRP also provides that on request of any party and a showing of "substantial need," the arbitrator may allow additional discovery if it "is not unduly burdensome and will not unduly delay the conclusion of the arbitration." Sanchez argues that a plaintiff has a greater need for discovery and so the limitation, even if it applies to both him and CarMax, is unfair.

5

"California courts do not by any means require that an arbitration agreement permit 'unfettered discovery.' [Citation.] Parties may certainly 'agree to something *less than* the full panoply of discovery provided in [a civil action].' *Amendariz*, 24 Cal.4th at [pages] 105–[1]06." (*Rutter v. Darden Restaurants, Inc.* (C.D.Cal. Nov. 18, 2008, CV 08-6106 AHM (SSx)) 2008 U.S.Dist. Lexis 96170, 17.) "[A]rbitration is meant to be a streamlined procedure. Limitations on discovery . . . is one of the ways streamlining is achieved." (*Dotson v. Amgen, Inc.* (2010) 181 Cal.App.4th 975, 983.)

Sanchez has not made any showing how the limitation on discovery would prevent him from vindicating his rights in his particular case. Instead, he argues that granting the arbitrator the discretion to determine whether there is a "substantial need" for additional discovery is not sufficient, because the "substantial need" standard is too stringent. He cites *Ontiveros v. DHL Express (USA), Inc.* (2008) 164 Cal.App.4th 494, in which the arbitration agreement allowed one deposition (and deposition of any expert witness designated by another party) and requests for production, with additional discovery available only if the arbitrator so ordered, on a showing of "substantial need." (*Id.* at p. 511.) Plaintiff's trial counsel estimated (with no dispute from defendant) that she would need to take at least 15 to 20 depositions (the case involved harassment at two different job sites involving numerous employees over four years). Based on that information, the court concluded that "the permitted amount of discovery is so low while the burden for showing a need for more discovery is so high that plaintiff's ability to prove her claims would be unlawfully thwarted by the discovery provision in the agreement." (*Id.* at p. 513.) Here, however, the permitted amount of discovery is higher, and while the "substantial need" burden to show a need for more discovery is the same, Sanchez has made no estimate that he would need more than the three depositions and 20 interrogatories and exchange of documents allowed. "'[W]ithout evidence showing how these provisions are applied in practice, we are not prepared to say they would necessarily prevent [the plaintiff] from vindicating his statutory rights.' [Citation.] In the present case, plaintiff's claims are not of [a] straightforward and limited nature . . . and

6

plaintiff here has shown that the discovery provisions in question would likely thwart her ability to vindicate her statutory rights." (*Id*. at pp. 513–514, fn. 14.)

In *Fitz v. NCR Corp.* (2004) 118 Cal.App.4th 702, the arbitration agreement limited discovery to the sworn depositions of two individuals and any expert witnesses expected to testify at the hearing, required the exchange of exhibits and a list of potential witnesses in advance of the arbitration hearing, and allowed no other discovery unless the arbitrator found a "compelling need" for it, requiring the parties to "demonstrate that a fair hearing would be *impossible* without additional discovery." (*Id*. at p. 716.)  The court stated that the "safety valve" of a request for additional discovery would be inadequate, because plaintiff "[would] not have access to written documents or the benefit of initial interrogatories when requesting additional information," and she could get the necessary information only by requesting additional discovery under the "'impossibility' standard." (*Id*. at p. 717.)  Fitz alleged disparate treatment on the basis of age, and could not prove her case without statistical information from the employer. The court held that she should not "be forced to demonstrate this impossibility to an arbitrator before being granted access to the type of discovery that is necessary for a fair opportunity to vindicate her claim." (*Id*. at p. 719.)

The discovery provisions in the CarMax DRRP are considerably more liberal, and the standard for additional discovery was lower ("substantial" rather than "compelling" need).  Further, as we stated above, Sanchez does not make any showing that he could not maintain his claim without more discovery than provided by the agreement.  Without some showing that Sanchez would be unable to vindicate his rights, we would not conclude that CarMax's DRRP discovery provisions are unconscionable as a matter of law. (*Martinez v. Master Protection Corp.* (2004) 118 Cal.App.4th 107, 118–119.)

The discovery provisions are not unconscionable.

### 2.    Arbitration request form and standard of proof

The trial court found unconscionable, without commentary, other provisions of the DRRP, stating:  "These rules do not apply to the employer."  These include  the DRRP's requirement that the employee complete a two-page Arbitration Request Form when

7

initiating arbitration, stating the basis of his claim and listing the names of witnesses and the name of the employee's attorney, if any, and the DRRP's requirement that "[t]o prevail, an Associate must prove that the Company's conduct with respect to the Associate was a violation of applicable law." It is hard to see how the provision of a required form to request arbitration which requires the employee to identify the nature of the dispute and known witnesses is unconscionable. Sanchez argues that this provision (which is not, as he claims in his appellate brief, part of a grievance procedure) is substantively unconscionable because the agreement does not provide that CarMax is subject to a similar request form, and therefore employees would receive less disclosure should CarMax initiate arbitration. But as we noted above, the DRRP provides that the rules govern arbitrations whether brought by an employee or by CarMax, and apply "with full force and effect" to both employees and CarMax. Similarly, the requirement that to prevail in arbitration, the employee must demonstrate a violation of law, is hardly unconscionable on its face, and also applies "with full force and effect" to CarMax should it initiate arbitration against the employee. These provisions are not unconscionable.

### 3. Completion of arbitrable claims and "full force and effect" in court

The trial court found this DRRP provision unconscionable: "If an Associate files a lawsuit in Court involving claims which are, and other claims [which] are not, subject to arbitration, the Associate agrees that the court shall stay litigation of the nonarbitrable claims and require that arbitration take place with respect to those claims subject to arbitration. The Associate further agrees that the Arbitrator's decision on the arbitrable claims, including any determinations as to disputed factual or legal issues, shall be entitled to full force and effect in any later court lawsuit on any nonarbitrable claims." The trial court stated that this clause did not apply to CarMax, but we repeat that the DRRP provides that CarMax is subject to its rules and procedures.

The trial court also concluded: "[T]he net result of these provisions is to require the employee to let the arbitrator's determinations, which are not reviewable, bind him even on claims that are not arbitrated or arbitrable." Yet when claims that are arbitrable

8

under an arbitration agreement are severed from nonarbitrable claims, "the trial court has the discretion to stay proceedings on the inarbitrable claims pending resolution of the arbitration," and "such a stay is generally in order under these circumstances . . . 'where . . . "the continuation of the proceedings in the trial court disrupts the arbitration proceedings and can render them ineffective."'" (*Cruz v. PacifiCare Health Systems, Inc.* (2003) 30 Cal.4th 303, 320.)

Further, "'[r]es judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.' [Citation.] 'The doctrine of res judicata applies not only to judicial proceedings but also to arbitration proceedings. [Citation.]' [Citations.]" (*Wade v. Ports America Management Corp.* (2013) 218 Cal.App.4th 648, 653; see *Sartor v. Superior Court* (1982) 136 Cal.App.3d 322, 328.) The doctrine of collateral estoppel also applies. (*Conner v. Dart Transportation Service* (1976) 65 Cal.App.3d 320, 322–323.) An arbitration award therefore can bar identical causes of action in court and have collateral estoppel effect (*Wade*, at p. 653), and the DRRP provision is consistent with California law and not unconscionable.

### 4. No authority to require "just cause" for discharge

The DRRP provides: "Unless the Associate is subject to a contract providing for the employment of the Associate under specified terms or for a given duration, the Associate's employment remains alterable at the discretion of the company and/or terminable at any time, at the will of either the Associate or the Company, with or without just cause. Accordingly, the Arbitrator shall have no authority to require that CarMax have 'just cause' to discipline or to discharge an Associate or to change the terms and conditions of employment of an Associate, unless specifically required by federal, state or local law or as a remedy for a violation of applicable law by the Company with respect to the Associate." The trial court concluded that this provision unfairly favored the employer, and Sanchez argues that it prevents an employee from asserting a common employee claim.

9

An arbitration agreement's provision that "the arbitrator shall rely on governing law and not informal principles of 'just cause'" is not "unconscionably one-sided." (*Little v. Auto Stiegler, Inc.* (2003) 29 Cal.4th 1064, 1075, fn. 1.) Sanchez's employment was at-will, and he was notified that he could be terminated without just cause. We see no unconscionability in this clause.

### 5. No requirement of findings of fact, confidentiality, and joinder

The DRRP requires a written award, and provides: "In the Arbitrator's discretion, the award may include findings of fact and conclusions of law." The DRRP also requires that the arbitration (including the hearing and record of the proceeding) be confidential and not open to the public unless the parties agree otherwise, or as appropriate in any subsequent proceeding between the parties, or as otherwise may be appropriate in response to governmental or legal process. The DRRP further prohibits the arbitrator from "consolidat[ing] claims of different Associates into one proceeding." The trial court concluded that these provisions benefited CarMax because "they inhibit employees from discovering evidence from each other or litigating common claims together. No such restrictions are applied in a court action," and on appeal Sanchez makes the same argument.

None of these provisions is unconscionable. The first provision regarding findings of fact does not prohibit them, but simply leaves it to the discretion of the arbitrator whether to make factual findings. This satisfies the minimum requirements for lawful arbitration of statutory discrimination claims under a mandatory employment arbitration agreement, which include a written award "that will reveal, however briefly, the essential findings and conclusions on which the award is based." (*Armendariz*, *supra*, 24 Cal.4th at p. 107.) The agreement meets that standard, which does not expressly require factual findings, and Sanchez does not argue that another standard applies. The second provision requiring confidentiality is not unconscionable. In regard to "the fairness or desirability of a secrecy provision with respect to the parties themselves, . . . we see nothing unreasonable or prejudicial about it," and it is not substantively unconscionable. (*Woodside Homes of Cal., Inc. v. Superior Court* (2003) 107 Cal.App.4th 723, 732.)

10

Finally, the Supreme Court in *Concepcion* enforced an agreement that prohibited the arbitrator from consolidating more than one person's claims, and held that the Federal Arbitration Act requires enforcement of such agreements according to their terms. (*Concepcion*, *supra*, 131 S.Ct. at p. 1744, fn. 2.)  (Sanchez does not challenge, and we do not address, the agreement's provisions regarding class actions.)

We decline to address the challenges to the agreement that Sanchez makes for the first time in his appellate brief.  (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 302, fn. 21.)

We disagree with the trial court's conclusion that the arbitration agreement and the DRRP "are permeated with unconscionability."  None of the provisions addressed by the trial court's decision is substantively unconscionable.  We therefore do not need to determine whether the court abused its discretion in declining to sever unconscionable provisions.

**DISPOSITION**

The order denying CarMax Auto Superstores California's motion to compel arbitration is reversed.  CarMax Auto Superstores California is to recover its costs on appeal.


JOHNSON, J.


We concur:


ROTHSCHILD, Acting P. J.


CHANEY, J.

11

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MICHAEL SANCHEZ, | B244772 |
| | (Los Angeles County |
| Plaintiff and Respondent, | Super. Ct. No. BC482027) |
| v. | CERTIFICATION AND |
| | ORDER FOR PUBLICATION |
| CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, | |
| Defendant and Appellant. | |

The opinion in the above-entitled matter filed February 6, 2014, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

ROTHSCHILD, Acting P. J.          CHANEY, J.          JOHNSON, J.