Filed 4/13/22  Sanchez v. Carmax Auto Superstores Cal. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| MICHAEL SANCHEZ, | B308431 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. BC482027) |
| CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, | |
| Defendant and Appellant. | |

APPEAL from a judgment and an order of the Superior Court of Los Angeles County, Lia Martin, Judge.  Affirmed.

Ogletree, Deakins, Nash, Smoak & Stewart, Jack S. Sholkoff and Jennifer L. Katz for Defendant and Appellant.

Shegerian & Associates, Carney R. Shegarian and Jill McDonell for Plaintiff and Respondent.

———————————

Michael Sanchez worked for CarMax Auto Superstores California, LLC as a service manager. When his employment was terminated in February 2011, he sued CarMax for wrongful termination, alleging several causes of action. Based on an arbitration agreement signed by the parties at the time Sanchez was hired, CarMax moved to compel arbitration. The trial court denied that motion, but on CarMax's prior appeal we reversed. (*Sanchez v. CarMax Auto Superstores California, LLC* (2014) 224 Cal.App.4th 398 (*Sanchez*).) The dispute was arbitrated, Sanchez prevailed, and then filed a motion to confirm the arbitration award (with a cross-motion to vacate filed by CarMax). Sanchez' motion to confirm was granted, CarMax's motion to vacate was denied, and CarMax again appeals, this time contending the arbitrator erred. We reject CarMax's claims of error and affirm the challenged orders.

## STATEMENT OF FACTS

The arbitration agreement was signed in October 2006, at the time Sanchez applied for employment by CarMax. (*Sanchez, supra*, 224 Cal.App.4th at p. 401.) At that time, Sanchez acknowledged receipt of CarMax's Dispute Resolution Rules and Procedures (the Rules), and agreed the Rules would govern any arbitration. (*Ibid.*) The arbitration agreement was governed by the Federal Arbitration Act (FAA; 9 U.S.C. § 1 et seq.) and the Uniform Arbitration Act of Virginia (Va Code §§ 8.01-581.01 et seq.). On the prior appeal, we rejected claims that the Rules were procedurally and substantively unconscionable, and that they impermissibly limited the parties' rights to discovery. (*Sanchez, supra*, at p. 401.)

In February 2015, following the issuance of remittitur after the first appeal, CarMax initiated arbitration by the American Arbitration Association (AAA), and Hon. Eli Chernow (Ret.) was selected as the Arbitrator. Without reference to the record, CarMax claims the Arbitrator said at the outset that he would apply the AAA employment rules, not the parties' Rules, and (also without reference to the record)

2

CarMax insists the Arbitrator repeatedly refused to apply certain parts of the Rules. For example, although the Rules require all arbitrations to be completed as soon as possible, the Arbitrator set the hearing almost a full year into the future (to accommodate the lawyers' schedules).[1] Days before the scheduled hearing, Sanchez requested a continuance because his father had died, and that request was granted. Without reference to the record, CarMax's 70-page opening brief is filled with similar claims, including the Arbitrator's decision to allow additional briefing (the Rules permit only one post-hearing brief per party), and the Arbitrator's delay in issuing an award.[2]

In October 2019, the Arbitrator issued his final award in favor of Sanchez ($548,929.27 in lost wages, plus $250,000 for emotional distress damages, plus $11,804.83 for the costs of arbitration, all payable by CarMax).

In the trial court, CarMax moved to vacate the arbitration award and Sanchez moved to confirm it. Following a hearing, the trial court granted Sanchez' motion to confirm, and denied CarMax's motion to vacate. The trial court found no grounds to vacate the award, rejecting CarMax's claim that the Arbitrator disregarded the law, finding that all the Arbitrator did was to interpret the Rules to fit the circumstances and this dispute. By way of example, the trial court noted that a continuance granted because Sanchez's father died cannot be considered

---

[1] As relevant, Rule 6 provides that the "Parties and the Arbitrator shall make every effort to ensure that the arbitration is completed, and an award rendered, as soon as possible. There shall be no extensions of time or delays of an arbitration hearing except in cases where both Parties consent to the extension or delay, or where the Arbitrator finds such a delay or extension necessary to resolve a discovery dispute or other matter relevant to the arbitration."

[2] This claim is about post-hearing briefs. Rule 9 (Hearing Procedure), subdivision (d) (Briefing), provides that each party has the right to submit one pre-hearing brief and one post-hearing brief.

unreasonable, and there was no showing of prejudice to CarMax. Similarly, the Arbitrator found the "one brief" rule to be unfair in this case, and allowed Sanchez to file a brief characterized by CarMax as a "reply." In short, the trial court concluded there was no manifest disregard of the law, no irrational award, no evidence to support CarMax's assertions.

This appeal is from the order granting Sanchez's motion to confirm the award and denying CarMax's motion to vacate it.

## LEGAL DISCUSSION

### A.     Standard of review

The parties agree that our review is de novo, and that the trial court's factual findings will be reversed only if clearly erroneous. (*Richey v. AutoNation, Inc.* (2015) 60 Cal.4th 909, 918, fn. 1; *Brown v. TGS Management Co., LLC* (2020) 57 Cal.App.5th 303, 313; and see *Volt Info. Sciences v. Bd. of Trustees* (1989) 489 U.S. 468, 476 [109 S.Ct. 1248, 103 L.Ed.2d 488].)

### B.     The Arbitrator did not exceed his powers

CarMax contends the Arbitrator exceeded his powers by failing to follow the Rules. Under the FAA, the parties have a right to an arbitration according to the terms for which they contracted — and the FAA requires courts to enforce privately negotiated agreements to arbitrate in accordance with their terms. (*Western Employers Ins. v. Jefferies & Co.* (9th Cir. 1992) 958 F.2d 258, 261 (*Jefferies*).) Put another way, an arbitration award will be vacated only when it is based on a manifest disregard of the law — meaning something more than just an error in the law or a failure on the part of the arbitrator to understand or apply the law. To vacate an arbitration award on this ground, it must be clear from the record that the arbitrator recognized the applicable law

4

and then ignored it. (*Lagstein v. Certain Underwriters, Lloyd's, London* (9th Cir. 2010) 607 F.3d 634, 641.) And although our review of an arbitration award is de novo, that review is limited and highly deferential, meaning the award may be vacated only if it is completely irrational or constitutes a manifest disregard of the law. (*Comedy Club, Inc. v. Improv West Associates* (9th Cir. 2009) 553 F.3d 1277, 1288.) For an arbitrator's award to be viewed as a manifest disregard of the law, it must be clear from the record that the arbitrator recognized the applicable law, then ignored it. (*Id.* at p. 1290; and see *Volt Info. Sciences v. Bd. of Trustees*, *supra*, 489 U.S. at pp. 478-479 [keeping in mind that arbitration is favored].) CarMax has not made the required showing here.

Contrary to CarMax's claim that the Arbitrator ignored the Rules, the trial court expressly found that the Arbitrator interpreted the Rules adopted by the parties; the Arbitrator did not disagree that the Rules governed this arbitration. This finding, and not CarMax's exaggerated claim, is supported by the record.

The record supports the trial court's findings that the initial date for the hearing was justified by competing schedules (the Arbitrator's as well as both sides' attorneys and witnesses) and that the brief continuance when Sanchez's father died was necessary and appropriate. The most that can be said is that the Arbitrator deviated from the Rules when compliance would have resulted in a gross unfairness to Sanchez.

Sanchez was permitted to file a second post-hearing brief because the trial court read the Rules to give the Arbitrator authority to render a decision "in a manner designed to promote rapid and fair resolution of disputes." None of the Arbitrator's decisions altered the basic premise of the Rules — to conclude the arbitration as quickly as possible under the circumstances, and to limit the briefing unless doing so would create an unfair advantage for one party. The Arbitrator issued his order for final briefing on April 2, 2019, allowing Sanchez to file the first brief, CarMax

5

to file a response, and Sanchez to file a reply. There is no transcript of the hearing at which this order was made. CarMax later objected because Sanchez was to have only one post-hearing brief.

The record before us fails to show the Arbitrator's reasoning. Assuming for the sake of discussion that the Arbitrator erred in allowing two briefs for Sanchez, CarMax has failed to show that it was prejudiced — other than its assertion that it was supposed to have the last word. But that isn't what the Rules provide. With a provision for only one brief per party, the logical interpretation would be that they should have been filed simultaneously, in which event neither party would have had the last word.

In any event, the point is that CarMax has failed to suggest this error caused prejudice. In its reply brief, CarMax discusses prejudice — but only insofar as Sanchez's "extra" brief was not limited to 20 pages (as provided in the Rules). CarMax does not explain how it was prejudiced by a slightly longer brief. CarMax's reliance on *Jefferies*, *supra*, 958 F.2d at page 261, for the proposition that prejudice need not be shown when an arbitrator fails to follow the rules adopted by the parties, is misplaced. Although prejudice is obvious when an arbitrator fails to make detailed findings of fact and conclusions of law (as agreed by the parties in *Jeffries*), it is not at all obvious where, as here, one side is given an opportunity to file an extra brief. If as CarMax suggests a new issue was raised in Sanchez's second brief, CarMax could have, but did not, ask for a chance to respond. The record does not show that any such request was made.

In a separate section of its brief, CarMax insists the Arbitrator admitted his violations of the Rules. We disagree. The record shows only that, in the context of discovery, the Arbitrator said he would "follow as closely as practicable the guidelines set forth" in the arbitration agreement and the Rules. CarMax's brief does not include record references to any "admissions" by the Arbitrator, or to anything more

6

egregious than the departures already discussed. CarMax's assertion that the Arbitrator "knowingly, intentionally, and willingly" disregarded the Rules is unsupported by any record reference.

Our finding on the prior appeal that the Rules were not procedurally or substantively unconscionable necessarily included an implied belief that the rules would be fairly applied. Now, CarMax puts words in the mouths of both the Arbitrator and the trial court, asserting that the trial court found the Arbitrator's refusal to enforce portions of the Rules was a "permissible misinterpretation of the parties' agreement." There is no record reference to support this assertion, and a review of the trial court's order (and the rest of the record) does not show any such statement by the Arbitrator. The most that can be said is that the trial court found it would be "unfair" to Sanchez to enforce the one-brief limitation.

For all these reasons, the trial court did not err in granting the motion to confirm and denying the motion to vacate.

## DISPOSITION

The judgment and order are affirmed.  Sanchez shall recover his costs of appeal.

NOT TO BE PUBLISHED

VOGEL, J.*

We concur:

CHANEY, J.

BENDIX, Acting P. J.

_____

*  Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.